CITY OF DETROIT *v.* DAILEY.

RAILROADS—HIGHWAYS AND STREETS—SEPARATION OF GRADES—PROCEEDINGS.

> Chapter 102, 2 Comp. Laws, does not permit one jury, in one proceeding, to determine the necessity for the change of the grade of three parallel streets and ascertain the resulting damage to abutting property.

Certiorari to the recorder's court of Detroit; Connolly, J. Submitted November 17, 1908. (Docket No. 86.) Decided March 16, 1909.

Petition by the city of Detroit for the separation of grades of certain streets and railroads: On motion of Elvin G. Dailey and another to dismiss. There was an order granting the motion, and petitioner brings certiorari. Affirmed.

*P. J. M. Hally*, for petitioner.

*Bowen, Douglas, Whiting & Murfin*, for defendants.

OSTRANDER, J. The petition is filed by the city of Detroit under the provisions of 2 Comp. Laws, chap. 102, which is entitled:

"An act to provide separate grades for railroads and public highways and streets where railroads intersect such highways and streets."

In the opening section of the statute, and in succeeding sections, the words used import a separate proceeding for each street and highway. The city seeks to have one jury, in one proceeding, determine the necessity for a change of the grades of three streets and to ascertain the resulting damage to all property abutting upon those

streets and affected by the change. An agreement, to which the city and various railroad companies and a street car company are parties, has been made for a change of grade on streets crossed by the tracks of such railroad companies, according to a general plan, for the payment of the expenses of the improvements, and for an apportionment or division of the cost, including the damages paid to abutting owners, among the parties to the agreement. The statute provides that the question for the jury shall be the necessity of the change of grade in accordance with this plan. The three streets mentioned in the petition appear to be so situated with reference to each other that, if a change of grade is made in one of them, in accordance with the plans adopted, a similar change must be made in the others. Therefore, if a jury determines that the change in one of the streets is necessary, it would, upon the same facts, find a similar change in the others to be necessary. The required ordinances were passed by the common council at the same time. Indeed, it is said in the brief for the city that the necessary work is in progress on the three streets. Upon the motion of a property owner, who was affected only by the separation of grades on one of the streets, the recorder dismissed the petition, and discharged the jury which had been summoned.

It is possible that, under the circumstances disclosed, convenience and the dispatch of public business will be served by pursuing the course proposed by the petitioner. If three streets may be joined in one proceeding, there would be no legal objection to joining a larger number, and unless such a course may be pursued, at the suggestion of a petitioner in every case, the question of whether it may be pursued in a particular case must be a question of judgment—of fact. The statute is general, applicable to the separation of grades in other cities and in the country. A construction of the statute such as petitioner asks for is

clearly not the necessary, and we think is not the reasonable, one.

The ruling and order of the recorder is affirmed, with costs to defendants in certiorari.

BLAIR, C. J., and GRANT, MONTGOMERY, and BROOKE, JJ., concurred.