In the Matter of the Application of the CITY OF NEW YORK, Appellant, Relative to Acquiring Land Required for Opening and Extending Tibbett Avenue in the Borough of The Bronx.

M. A. DEAN, Appellant; MARGARET E. PUTNAM et al., as Executors of and Trustees under the Will of ALBERT E. PUTNAM, Deceased, Respondents.

New York (city of) — street opening proceedings — provisions of charter (L. 1901, ch. 466, § 992, amd. by L. 1910, ch. 548) that abutting owners who cede lands from front of lot to center of street without compensation shall not be chargeable with any expense of opening the street except their proportion of damages for buildings taken or injured by the changes made in opening the street.

1. The validity of the sections of the charter of the city of New York allowing assessments for damages awarded by reason of a future contemplated change of grade cannot be questioned on constitutional grounds.

2. As to the persons affected by a street opening proceeding in that city who have not appealed, the report of the commissioners of assessment is final and conclusive. (Charter, § 998.)

3. Section 992 of the Greater New York charter, as amended by chapter 548 of the Laws of 1910, provides that the owners of land improved within the proposed street and extending to the center line thereof may without compensation and before the appointment of commissioners convey their right, title and interest therein to the city of New York, and that after such cession "the lands fronting on that portion of the streets so conveyed, and extending to the center of the block on either side of such portion of said street so conveyed, shall not be chargeable with any portion of the expense of opening the residue or any portion of the residue of such street, except the due and fair proportion of the awards that may be made for buildings as aforesaid." Under this provision as construed in connection with section 980 of the charter, an assessment can be made against a person ceding land for a proposed street with respect to buildings injured by the opening or regulation of the street although not actually taken.

*Matter of City of New York (Tibbett Ave.)*, 175 App. Div. 975, reversed.

(Argued April 24, 1917; decided June 5, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 1, 1916, which affirmed an order of Special Term confirming a supplemental report of the commissioner of assessment in street opening proceedings.

The facts, so far as material, are stated in the opinion.

*Benjamin Trapnell* for Mary A. Dean, appellant. By the plain language of section 992 of the charter, notwithstanding a landowner has ceded land required for a street, his remaining lands within the area of benefit are chargeable with their proportion of awards made for intended regulation no less than awards made for buildings taken. The phrase " awards for buildings," as used in section 992, includes damages awarded for injuries to buildings not taken by reason of intended regulation.  (L. 1901, ch. 466, § 992, amd. L. 1910, ch. 548.)

*Lamar Hardy, Corporation Counsel* (*Joel J. Squier* and *John J. Kearney* of counsel), for City of New York, appellant.   Section 992 of the charter as existing prior to the enactment of chapter 606 of the Laws of 1915 provided and intended that the land abutting upon the ceded portion of a street should be assessed its proportionate share of the awards for buildings damaged by reason of the intended regulation of the street.   (L. 1901, ch. 466, § 992; amd. L. 1910, ch. 548.)

*Albert W. Putnam* for respondents.   Section 992 of the charter of the city of New York exempts the lots of the respondents, by reason of the cessions made, from all assessments in this proceeding.   (L. 1901, ch. 466, § 992; amd. L. 1910, ch. 548.)   Respondents' lots cannot be assessed in this proceeding for any alleged damages awarded by reason of a future contemplated change of grade, because  section 980 of the Greater New York charter purporting to give such power  is unconstitutional in that respect.   (*People ex rel. N. Y. C. Church*

v. *Coler*, 60 App. Div. 77; 168 N. Y. 644; *People ex rel.
City of New York* v. *Stillings*, 134 App. Div. 480; *People ex rel. Stevens* v. *Philip*, 88 App. Div. 560; *People ex rel. Janes* v. *Dickey*, 206 N. Y. 581; *Stuart* v. *Palmer*, 74 N. Y. 183.)

ANDREWS, J. The theory of local assessments is that those whose property is peculiarly benefited by an improvement — who receive advantages other and greater than does the general public — may fairly be charged with the cost; and among those so assessed the amount to be paid by each should be in proportion, as near as may be, to the benefits received. An exact distribution cannot always be made. Rough justice is practically all that can be attained. But there should be some attempt at approximation to the ideal.

When we construe statutes imposing local assessments this theory should be kept in mind.

In proceedings for the opening of streets in the city of New York there are four classes of expenses involved:

1. There are the costs of the proceeding.

2. There are damages for the land actually taken for the proposed street.

3. There are damages for the buildings actually taken.

4. There are damages to the buildings not taken, but whose value is diminished by the regulation of the proposed street.

Section 992 of the Greater New York charter, as amended by chapter 548 of the Laws of 1910, provides that the owners of land improved within the proposed street and extending to the center line thereof may without compensation and before the appointment of commissioners convey their right, title and interest therein to the city of New York. After such cession "No proceedings to open the lands so conveyed shall be taken or maintained, nor shall the lands fronting on that portion of the streets so conveyed, and extending to the center of the block on either side of such portion of said street so

9

conveyed, be chargeable with any portion of the expense of opening the residue or any portion of the residue of such street, except the due and fair proportion of the awards that may be made for buildings as aforesaid."

The question to be determined in the case at bar is whether after cession duly made the owner so ceding is exempt from all further charges in the proceeding except his share of the awards for buildings actually taken, or whether he may be also charged with his share of damages to the buildings injured by the regulation of the street.

The object of the clause with regard to cession is clear. It is to encourage the conveyance to the city of land required, thereby saving the trouble and expense involved in its condemnation. It makes little difference to other owners who are to pay for the improvement whether the total assessment is increased by the purchase of such land and the number of those who pay the assessments is also increased by the inclusion of its owner, or whether the land is obtained as a gift and the owner is freed from an assessment for other land taken, as a reward therefor. The provision is a reasonable one and comes well within the theory upon which local assessments are imposed.

The legislature, however, has said that where more than the actual land is required, where buildings situated within the proposed street lines are also to be taken, then the owner who has made a cession shall be required to pay his proportion of the award made for them. This is just. The cession has no relation to awards of this character.

Does not the same thing apply where buildings are not actually taken but where they are injured by the improvement ? Again there is no relation between the benefits received and the suggested relief.

Coming now to the act itself, its language is clear. The ceding owner is still to pay "the due proportion of the awards that may be made for buildings as aforesaid."

An "award for a building" — because of a building — with regard to a building — on account of a building,

construed as it must be against a property owner claiming an exemption from taxation — must be held to cover awards for such injuries.

But we have in addition the use of the words "as aforesaid."

We must, therefore, turn to the prior sections of the statute — in this case to section 980. The commissioners are directed to ascertain the compensation that ought justly to be made for "lands, tenements and hereditaments required for the improvement" meaning thereby compensation for the land and buildings taken. If the commissioners shall judge that any intended regulation will injure any building not required to be taken, they shall make a just and equitable estimate and assessment of the loss and damage, which will accrue by consequence of such intended regulation to the respective owners, and the recompense for such loss and damage shall be included by the commissioners in their report and in the assessments subsequently made.

We have, therefore, awards for buildings actually taken and awards for buildings not taken but injured by the improvement. We think that the words as "aforesaid" apply to both.

Some verbal criticism is made of the language employed in section 992. It is said the term "awards for buildings" is not strictly applicable where buildings are not taken; that the phrase "awards to buildings" would have been used had the legislature in mind the latter class of cases. This language, however, would have been at least equally inaccurate. No award is made to a building. The award is made to the owner for the damages which accrue to him.

It is also said that the history of the act shows that the phrase used in section 992 was not intended to cover this last class of awards; that section 992, originally in substantially the form which it now bears preceded section 980, and consequently the words "as aforesaid" at that

time could have had no reference to buildings injured but not taken. That being so we should not give to those words an enlarged construction, because upon a re-arrangement of the statute the order in which the sections appear was changed. There is some force to this contention. There would be more if in the section of the act of 1880 from which they are taken they were not meaningless; if the act of 1880 was not then incorporated piecemeal into the Consolidation Act, carrying these words with it or if the language of the present charter were uncertain and indefinite. We think that where the legislature has itself re-arranged the statute under such circumstances we should give the language employed by it a natural and not a forced construction.

In the case at bar the Special Term and the Appellate Division have held that no assessment could be made against a person ceding land for a proposed street with respect to buildings injured and not taken. In this we think error was committed.

The respondents contend that the sections of the charter allowing assessments for damages awarded by reason of a future contemplated change of grade are unconstitutional. Similar sections, however, have been on the statute books since 1816; they have been considered, construed and enforced in many cases; their validity on constitutional grounds has never been questioned. We cannot overthrow them now.

We must, therefore, hold that the order appealed from should be reversed as to the appellant Mary Alice Dean, with costs in all courts. As to the other persons affected by this proceeding, they have not appealed and as to them the report is final and conclusive. (Charter, § 998.) The city is not interested in the distribution of the assessment among the different owners, nor does it represent them here.

HISCOCK, Ch. J., COLLIN, HOGAN and CARDOZO, JJ., concur; CHASE and CRANE, JJ., dissent.

Order reversed, etc.