In re Application of KATHERINA STEINMANN, Petitioner, for a Peremptory Mandamus Order, to Be Directed to WILLIAM C. ORMOND and Others, as and Composing the Board of Assessors of the City of New York, Defendants.

Supreme Court, Queens Special Term, May, 1923.

Eminent domain — mandamus to require board of assessors to estimate damage caused by change of grade — damages paid to former owner — application for mandamus denied.

Where upon an application for an order of mandamus requiring the board of assessors of the city of New York to estimate the damage done to petitioner's building by virtue of a change in the grade of the street upon which it fronts, it is stipulated that the damages sought have already been paid for by the city to a prior owner of the building, the present application will be denied.

APPLICATION for mandamus.

*John A. Mullen,* for petitioner.

*George P. Nicholson,* corporation counsel (*Charles J. Nehrbas,* assistant corporation counsel), for defendants.

CROPSEY, J. Petitioner seeks a mandamus order requiring the board of assessors to estimate damage done to her building by virtue of the change in grade of the street upon which it fronts. The assessors have refused to make such an award for the reason that the city has already paid such damages to a prior owner.

The facts are not in dispute. The building was erected about 1893 in conformity to the then grade of the street. About 1913

the city filed a grade chart, whereby the grade of that street was changed and a grade four feet higher than the grade which had previously existed was established. Sometime thereafter, and prior to May, 1917, the city instituted a proceeding to open the said street, and therein acquired title to it. At that time the property in question was owned by one Markham. He obtained an award in that proceeding for $1,000 for the intended regulation of the street, although at that time the grade had not in fact been changed. And the grade was not changed until 1922. In 1919 the petitioner became the owner of the property, purchasing it from Markham, and has owned it since that time. By stipulation it is agreed that the award made to Markham was " for damage to which the petitioner herein now claims the right in this proceeding " and " that said award was made for damage to the same building and improvements for damage to which the petitioner now claims the right to an award." Thus, it is conceded that the city has paid once for this damage which the change of grade causes. The question is whether it can be made to pay the second time. It is surprising that such a situation can exist, but it was made possible by the provisions of two sections of the New York City Charter. Section 980 as it existed at the time of the proceeding herein to open the street contained the provision that the commissioners of estimate might determine whether any intended regulation for the street would injure any building not taken for the purpose of opening, and if so they could fix the amount of damage therefor and include it in their report. Section 951 then provided, and still provides, that where a change of grade has taken place the damages occasioned to the buildings of the abutting owners shall be ascertained by the board of assessors of the city. The award of $1,000 that was made herein was made under the provisions of section 980 as they then were, but this application is made under section 951. Thus, there are two statutes authorizing the fixing of such damage. In a proceeding under section 980 an award for such damage may be made regardless of the question, of physical change of grade. *Matter of Mayor (Trinity Avenue),* 81 App. Div. 215, 218; *Matter of City of New York (West 172d Street),* 167 id. 807. In a proceeding under section 951 an award may be made only when the physical change of grade has been made, or, at least, the work thereon has been commenced. *Matter of Crane* v. *Craig,* 230 N. Y. 452. There is nothing in either of these statutes to indicate that the legislature intended that the city should be compelled to pay twice for the same damage. The amendment to section 951, made by chapter 786 of the Laws of 1920, seems to make this clear. That amendment added: " Nor shall any further award be made with respect to

any property for damage to which an award for such intended regulation has been made." The charter merely provided two methods of obtaining the damage, and it must follow that where damage has been obtained under one section it prevents a recovery of the damage under the other section. The impropriety of allowing damage for an intended regulation which has not been made and which in fact may never be made is apparent. But the constitutionality of section 980 has been upheld. *Matter of City of New York (Tibbett Avenue),* 162 App. Div. 398, 400, 401; 221 N. Y. 127, 132. The right of a property owner to recover damages caused by a change of grade is purely statutory, there being no liability for such damage as common law. *Radcliff's Executors* v. *Mayor, etc., of Brooklyn,* 4 N. Y. 195; *Sauer* v. *City of New York,* 180 id. 27; affd., 206 U. S. 536. If no damages had been paid for the change of grade then the person who is the owner of the property at the time the physical change is made would be entitled to recover and not the person who was the owner at the time of the legal establishment of the grade. *People ex rel. Janes* v. *Dickey,* 206 N. Y. 581. And the owner of the property at the time of the physical change in grade is entitled to the damages although he subsequently sells the property. *People ex rel. City of New York* v. *Dickey,* 163 App. Div. 948; affd., 213 N. Y. 602. The new owner under such conditions has no claim as he has not been damaged. *People ex rel. City of New York* v. *Stillings,* 134 App. Div. 480; affd., 200 N. Y. 525; *Johnson* v. *Pettit,* 120 App. Div. 774, 779, 780; *Matter of City of New York (Newtown Creek Bridge),* 128 id. 150. But where the city has paid for such damage, even though that was before the physical change was made, I think it is manifest that it cannot be made to pay it again even though there has been a change of ownership in the interim. The situation here is not the same as it was in *Snow* v. *Provincetown* (109 Mass. 123) and *Clark* v. *Philadelphia* (171 Penn. St. 30), for in those cases the court stated that the damages allowed to the owner at the time of the physical change were not the same as those allowed to a prior owner, but were only in addition thereto. The stipulation in the instant case shows that the damages here sought are the very ones that have already been paid for in the other proceeding.

Motion denied, with ten dollars costs.

Ordered accordingly.