CITY OF GRAND RAPIDS *v.* KOTVIS.

1. MUNICIPAL CORPORATIONS—SEPARATION OF GRADES—DAMAGES—DIRECTED VERDICT.

In proceedings by a city under 1 Comp. Laws 1915, § 4750 *et seq.,* to secure a determination by a jury of damages resulting to abutting property owners from the separation of grades, the trial court was in error, under the evidence, in directing a verdict for plaintiff on the ground that no damages to defendants' property had been shown.

2. SAME—DAMAGES—EVIDENCE.

The trial court was in error in excluding the answer to a question asked one of defendants' witnesses as to whether he knew of his own knowledge that there were people who would have come to defendants' building to do business but did not come there on account of its not being accessible, since defendants' right to damages depended on a showing of the necessity for removal or for raising their building to the level of the grade so that it would be accessible to customers.

3. SAME—QUESTION CALLING FOR FACTS IMPROPERLY EXCLUDED AS CONCLUSION.

Exclusion of witness' answer to the question as to whether there was any reason why defendants may be compelled to vacate the premises since the grades were separated, on the ground that it called for a conclusion, was error, since the question called for facts, for reasons why a removal was necessary, and at least was preliminary to a statement of the reasons.

4. SAME.

It was also error to exclude an answer to a question asked one of the defendants as to whether he could tell what effect the change of grade had upon defendants' business.

5. SAME—COST OF RAISING BUILDING TO NEW GRADE ADMISSIBLE.

It was also error to refuse to allow a contractor to testify to the cost of raising defendants' building to the level of the new grade, since the measure of damages is the difference in the

value of the property caused by the change in grade, and the cost of refitting the building to the new grade is one method of arriving at this difference in value.

6. APPEAL AND ERROR—DIRECTED VERDICT.

In reviewing a directed verdict in favor of plaintiff, the court considers the testimony most favorable to defendants.

Error to superior court of Grand Rapids; Verdier (Leonard D.), J. Submitted October 17, 1928. (Docket No. 30, Calendar No. 33,750.) Decided January 7, 1929.

Petition by the city of Grand Rapids against John Kotvis and others to determine the amount of damages to defendants' property by reason of the separation of grades. Judgment for plaintiff on a directed verdict. Defendants bring error. Reversed.

*Charles G. Turner* and *Laurence W. Smith,* for appellants.

*Ganson Taggart,* for appellee.

McDONALD, J. This proceeding was brought under authority of the statute, Act No. 92, Pub. Acts 1893 (1 Comp. Laws 1915, § 4750 *et seq.*), as amended, to secure a determination by a jury of damages resulting to abutting property owners from the separation of grades at Franklin street in the city of Grand Rapids, Michigan. Pursuant to the statute, the city made an agreement with certain railroad companies for the separation of grades by constructing a viaduct to take the street traffic over their tracks. The construction has been completed. Being unable to agree with certain of the property owners as to the amount of their damages, the city brought this suit to have them determined. The de-

fendants have a leasehold interest in land on the northeast corner of Franklin street and Century avenue. They own the buildings on the land consisting of a mill and warehouse, where they have been conducting a wholesale and retail business in the sale of flour and feed for many years. On the trial it was their claim that their use of the property had been abridged by the change in the grade, that their trade had been deflected to such an extent that it had become necessary to remove to a different location or to raise the mill part of their buildings up to the grade. At the conclusion of the proofs, the trial court directed a verdict of no cause of action on the ground that no damages had been shown. The defendants have appealed.

We think the court erred in directing a verdict and in excluding certain testimony tending to show the necessity on which defendants' claim for compensation was based. He was moved to direct a verdict because as it appeared to him there was no evidence showing the necessity for removal to another location or to raise the buildings up to the grade. The extent to which the defendants' use of their property was affected by the change in the grade appears from the circumstances and was a question for the jury. Franklin street is a busy thoroughfare extending east and west in the southern part of the city. It connects with two other main arteries of travel and business leading from the central district of the city. Before the viaduct was built, the defendants' property was a corner location facing south on Franklin street which was then on a level with their buildings. In the front of their mill was a loading dock and scales. The grade was raised 34 feet. A stone wall 20 feet in height was built close in front of their building, thus prac-

tically shutting off access to their loading dock and scales. A witness for the city testified:

"*Q.* There is a loading dock at the south end of this mill, isn't there?

"*A.* Yes, sir.

"*Q.* That they cannot get access to, you cannot drive up to it now, can you?

"*A.* No, sir."

Further, it appears from the record that a customer of the defendants coming from the east on Franklin street must now drive 243 feet past the front of their business place, turn north down a curved street of considerable descent and again turn 175 feet to the rear of their property. These facts showing the relative situation of defendants' property before and after the building of the viaduct furnish some evidence from which the jury could determine the extent to which its use has been interfered with. But there was other testimony directly bearing on the question which the court excluded. For instance, on the direct-examination of Mr. Kotvis, one of the defendants, he was asked:

"*Q.* Now, Mr. Kotvis, will you state whether or not you know of your own knowledge whether the building—after the building of this viaduct—while it was being built and after its being built, were there people who would have come to you to do business, who have not come there on account of not being accessible?

"*Mr. Taggart:* May it please the court, that is not competent, calls for a conclusion.

"*Mr. Turner:* I ask whether he knows of his own knowledge.

"*The Court:* I think I shall have to sustain the objection."

This question should not have been ruled out. It called for the best evidence of the manner and ex-

tent to which the defendants' use of their property had been abridged by the building of the viaduct. The defendants' right to damages depended on a showing of the necessity for removal or for raising their building to a level of the grade so that it would be accessible to customers. This question bore directly on that issue. It was reversible error to exclude the answer.

Again, this witness was asked:

"*Q.* Now, I will ask you if there is any reason, since the viaduct has been built, why you may be compelled to vacate these premises and remove from there?"

An answer to this question was excluded on the ground that it called for a conclusion. The court erred in so ruling. The question called for facts, for reasons why a removal was necessary. At least it was preliminary to a statement of the reasons. For the same reason it was error to exclude an answer to the following question:

"*Q.* Let me ask you, Mr. Kotvis, can you tell us what effect the change of grade has had upon your business?"

The defendants were not claiming damages for injury to their business, but injury to their business by a change in the grade would show how they had been affected in the use and enjoyment of their property, and whether it was necessary to remove or to build up to the grade.

The defendants offered to show that there had been a large decrease in the amount of business done after the viaduct was built. The court excluded the testimony on the ground that the cause of the decrease was entirely speculative. In a proper setting, this testimony should be considered as evidence of

the. abridgement to the use of their property. For five years previous to the change of grade, the business had maintained a steady growth. Immediately afterwards under like conditions, except that customers were inconvenienced in gaining access to the mill, it decreased rapidly. In the absence of any other known cause, it would be a natural inference that the building of the viaduct was responsible for the falling off of the business. But if we say that, standing alone, this testimony was not admissible because the cause was speculative, it would have been removed from the realm of speculation if Mr. Kotvis had been permitted to testify that he knew some of the former customers would not come to do business with them because their buildings were inaccessible. In view of the circumstances in which it was offered, we think this testimony should have been received.

Mr. Timmer, a contractor, was called to testify to the cost of raising the mill building to the level of the viaduct. His testimony was excluded. This was error. In these proceedings, the measure of damages is the difference in the value of the property caused by the change in grade. The cost of refitting the building to the new grade is one method of arriving at this difference in value. However, the court would have admitted this testimony had he not been of the opinion that there was no competent evidence showing a necessity for raising the building to the level of the changed grade. In this he was mistaken.

In discussing the question of a directed verdict, we have considered testimony most favorable to the defendants. The city claims that the construction of the viaduct did no damage to the defendants in the use and enjoyment of their property, but is of

value to them. These conflicting claims presented a question for the jury.

The following cases are of interest as to the proceedings involved in the determination of compensation to abutting property owners arising out of a separation of grades: *City of Detroit* v. *Railway*, 156 Mich. 106; *City of Detroit* v. *C. H. Little Co.*, 146 Mich. 373; *City of Detroit* v. *Railway Co.*, 163 Mich. 229; *Mead* v. *Railroad Co.*, 174 Mich. 521.

The judgment of the trial court is reversed and a new trial granted. The defendants will have costs.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.