452 

BURNS HOLDING CORPORATION, RELATOR, v. STATE HIGHWAY COMMISSION, RESPONDENT.

Argued May 7, 1930—Decided May 26, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the relator, *Reynier J. Wortendyke, Jr.*

PER CURIAM.

The application is for a *mandamus* to require the state highway commission to institute and complete a proceeding under the Eminent Domain act of 1900 (*Comp. Stat., p.* 2182), to assess and pay to relator the damage alleged to have been sustained by it on account of the building of part of a new state highway between Rahway and Metuchen, between the tracks of the Pennsylvania railroad and the state reform school. The Perth Amboy branch of that railroad crosses the tract of which relator's property is a part, from northwest to southeast.

No land of relator has been or is to be taken. The claim is exclusively for injury to the value of such land because by the construction of the highway on an elevated embankment to the westward of such land it is cut off from communication with the outer world unless at large expense it be connected with the elevated new highway by one or more inclined causeways or ramps. There seems to be no denial

of the claim—in fact it is stipulated—that whereas before the construction relator's lands were accessible over certain mapped streets running northwest and southeast and parallel with the Perth Amboy branch of the railroad, the new embankment crosses said streets to the west of relator's land and effectually closes them unless they be graded up to the new land.

Notwithstanding the apparent hardship of the case, we have to conclude that this rule must be discharged. Counsel for prosecutor cites no authority in this state in support of the rule; and while in some other jurisdictions the right to damages is recognized, such judicial opinion as we find in this state is apparently to the contrary, in the absence of statute conferring the right. In *Hatt* v. *Newark,* 79 *N. J. L.* 550, Mr. Justice Bergen, speaking for the Court of Errors and Appeals, said: "The right of the state to destroy public improvements of this class without compensation is not limited by the constitution, and except for the statute, as expressed in the charter of the city, this street could have been vacated without the slightest consideration of its effect upon any land lying along it, or the payment by the city of compensation to any landowners for damages." See, also, *Newark and Bloomfield Railroad Co.* v. *Montclair,* 84 *Id.* 46. In *Harrison Land Co.* v. *Crucible Steel Co.,* 82 *N. J. Eq.* 419, the late Vice-Chancellor Emery remarked, citing the above and other cases: "Complainant's land is apparently damaged or injuriously affected by the vacation of the street, but its land is neither taken nor appropriated, and therefore does not seem to come within the provision of section 56 [of the charter] for compensation. Unless such provision is expressly directed by statute to be made, streets may, under our constitution, be vacated without compensation."

The rule to show cause will therefore be discharged; but as the quoted decisions seem to some extent *obiter,* we are disposed to accord to relator an opportunity to review this ruling. It may be that the case is within section 6 of the *Mandamus* act (*Comp. Stat., p.* 3216) which permits such review; but to avoid any question on that score, if the relator

so elects, a record may be made up consisting of an alternative writ and return, and such other pleadings as will properly present the point now decided, with a judgment in accordance with the views above expressed, to the end that the matter may be reviewed by the Court of Errors and Appeals.