*In re* CITY OF DETROIT.

CITY OF DETROIT *v.* F. L. LOWRIE LUMBER & FINISH CO.

1. APPEAL AND ERROR—REMARKS BY COURT.
Unseemly statements by court, caused by counsel's persistence in attempting to introduce incompetent evidence after adverse rulings, *held*, not to have influenced verdict; having been quite impartial.

2. EMINENT DOMAIN—SEPARATION OF GRADES—MEASURE OF DAMAGES.
Damage caused to abutting property from grade separation is measured by difference in value of said property before and after change of grade and because of said change; damage to business, as such, and expense and inconvenience during progress of work not being recoverable.

3. SAME—DAMAGES—EVIDENCE.
Specific interference with use of property, permanent injury to business caused by change of grade, cost of refitting buildings to new grade, and such like may be shown, not as separate elements or measures of damage, but merely as methods of arriving at difference in value of property.

4. SAME—EXPENSE OF MOVING, ETC.
Expense of moving to another location and of conducting business during progress of work of changing grades is not recoverable by abutting owner.

5. SAME—COST OF EXCAVATING—INTERVENING CONDITION.
Cost of excavating and back filling required because railroad company erected retaining wall on boundary, in grade separation, is not recoverable by abutting owner, since it resulted from intervening condition.

6. SAME—WITNESSES—DAMAGES.
Witness who qualified as real estate expert was competent to express opinion that no damage to abutting property accrued from change of grade, although he said he did not

As to right of abutting owner to damages for change of street grade, see annotation in 14 L. R. A. 371.
On liability of municipal corporation for injury to abutting property by change of street grade, see annotation in 36 L. R. A. (N. S.) 1194; L. R. A. 1915A, 382.

know its actual value just before and after said change, where he confined his testimony to effect upon relative values before and after change of grade.

7. Appeal and Error—New Trial—Exception—Court Rules.

Denial of motion for new trial, to which no exception was taken, was not reviewable previous to adoption of 1931 court rules.

8. Eminent Domain—Separation of Grades of Two or More Streets.

Two or more streets may be joined in single grade separation proceeding, and damages assessed by same jury (1 Comp. Laws 1929, § 76, subd. 2; § 4491).

9. Easements—Prescription—Railroads—Highways and Streets —Abutting Owners.

Prior to 1907, railroad company using street for its tracks by permission of city could acquire easement · by prescription against abutting owners (Act No. 46, Pub. Acts 1907).

10. Same—Adverse Possession.

Even before 1907, railroad company could not acquire prescriptive rights in street as against public, since presumption is that railroad company uses street by express or tacit permission of city, and therefore essential of prescription, adverse possession, is wanting.

11. Eminent Domain—Damages—Evidence—Destruction of Easement in Street.

Proof offered by abutting owner of claimed damages for destruction of alleged easement in street by change of grade was properly rejected, where it did not include showing that easement, if any, belonged to said owner.

12. Same—Damages Statutory.

City is not liable for damages caused by change of grade of street, except as provided by law.

13. Same—Easements—Highways and Streets—Statutes.

Statute authorizing separation of grades does not assume to cover damages for destruction of easement in street itself.

Appeal from Recorder's Court of Detroit; Jeffries (Edward J.), J.  Submitted October 27, 1932. (Docket No. 88, Calendar No. 36,154.)  Decided January 3, 1933.

In the matter of the petition of City of Detroit, a municipal corporation, for separation of grades of Michigan Central and other railroads and Dix avenue and other highways. On bill to assess damages to abutting owners. From judgment on verdict of no damages, certain abutting owners appeal. Affirmed.

*Arthur F. Lederle,* for petitioner.

*Frank Day Smith,* for defendants F. L. Lowrie Lumber & Finish Company and Bloch.

*Ralph E. Routier,* for defendant R. E. Hamilton's Sons, Inc.

*Robert J. Hanley,* for defendant Edward R. Stanton, receiver of M. Mitshkun Company.

FEAD, J. This is a bill to assess the damages to abutting property from a grade separation at Vernor highway and Waterman avenue in Detroit. Real estate experts for the city testified there was no damage to any of the property, and those for defendants said there were substantial damages. The jury heard them, viewed the property, and found no damage to any of the defendants. Contentions common to all defendants will be first considered.

They complain of prejudicial remarks of the court. Both court and counsel said things inappropriate to a judicial proceeding. The colloquies were extended. The most objectionable remarks by the court were made during quarrels caused by counsel's persistence in attempting to introduce incompetent evidence after adverse rulings. The court was quite impartial in unseemly statements, as between counsel for the city and for defendants, and the whole record does not leave the impression that they influenced the verdict.

Counsel agree that the measure of damages is the difference in value of the abutting property before and after the change of the grade and because of the change of grade. Damage to a business, as such, and expense and inconvenience during the progress of the work are not recoverable. *City of Detroit* v. *Railway,* 156 Mich. 106. Specific interference with the use of the property, permanent injury to business caused by the change of grade, cost of refitting buildings to the new grade, and the like may be shown, not as separate elements or measures of damage, but merely as methods of arriving at the difference in value of the property. *City of Grand Rapids* v. *Kotvis,* 245 Mich. 319.

### *Hamilton's Sons, Inc.*

*City of Detroit* v. *C. H. Little Co.,* 146 Mich. 373, does not support this defendant's contention that it was entitled to the expense of moving to another location and of conducting business during progress of the work. The case involved total destruction of a leasehold, and the distinction is pointed out in *City of Detroit* v. *Railway, supra.* The cost of excavating and back filling required because a railroad company erected a retaining wall on the boundary of defendant's property has no relation to the measure of damages, as it was not due to the effect of structural change in the street upon defendant's property but resulted from an intervening condition.

### *Lowrie Company and the Blochs.*

A witness for the city was permitted to express an opinion that no damage to the property accrued from the change of grade, although he said he did not know the actual value of the property just before and after the grade separation. The witness qualified as a real estate expert, said he had oper-

ated in the vicinity, was familiar with the property, and had examined it. His attention was called to the conditions caused by the improvement, and he confined his testimony to the effect upon relative values before and after the change in grade. So confined, the opinion was competent, and the testimony presented no reversible error.

Defendants moved for a new trial, but took no exception to its denial, and, as the proceeding occurred before the adoption of the court rules of 1931, the question is not before us. *Tishhouse* v. *Schoenberg,* 234 Mich. 271. However, we have examined the record, and cannot say that the verdict was against the great weight of the evidence.

Other points, although not covered by statement of questions (see Court Rule No. 69, § 1 [1931], last sentence), have been examined and found untenable.

### *Mitshkun Company.*

This defendant contends that two or more streets cannot be joined in a single proceeding and damages assessed by the same jury, but that there must be a separate proceeding as to each street. It does not appear that the objection was made before verdict.

In *City of Detroit* v. *Dailey,* 156 Mich. 9, the court held that the statute did not permit one jury in one proceeding to ascertain the damages to abutting property caused by the change of grade of more than one street. The decision was in March, 1909. Shortly after, by Act No. 268, Pub. Acts 1909, Act No. 92, Pub. Acts 1893, § 11 (1 Comp. Laws 1929, § 4491), was amended by incorporating the italicized words:

"The petition shall state that it is made and filed *as commencement of judicial proceedings* by the county, township or city, as the case may be, in pur-

suance of this act for the purpose of separating the grades of the street or highway *or of two or more streets or highways* and railroad or railroads at their intersection," etc.

Elsewhere in the act street or highway is used in the singular. But words importing the singular number may extend to the plural number. 1 Comp. Laws 1929, § 76, subd. 2. There is no provision for the impaneling of more than one jury to act upon a single petition except in case of new trial. We think the amendment of 1909, immediately following the decision construing the act, is persuasive of the legislative intent that at least all the streets involved in a single grade crossing at one intersection may be joined in a single proceeding and trial.

From the car-shop yard of the Michigan Central Railroad, but independent of the rights of way elevated in the grade separation, two lead tracks crossed Vernor highway, entered defendant's premises, and branched into several tracks in a yard devoted to railroad supplies, track material, and the coal business. Defendant offered testimony, which was rejected, that the lead tracks had been installed in 1885 without any permission and had been used openly, continuously, and adversely since that time. The contention is that an easement by prescription had been created in the street prior to the enactment of Act No. 46, Pub. Acts 1907 (see 3 Comp. Laws 1929, § 13964). When the grade separation was constructed, the lead tracks were removed by the city, the street lowered, and defendant was forced to rearrange its yard with another outside connection at considerable expense. It claims damages for destruction of the easement itself and also for the cost of rearranging the yard on the ground the easement was reflected in the advantageous use of the property and augmented its value.

Prior to 1907 prescriptive rights could be acquired in a highway. A railroad company using a street for its tracks by permission of a city could acquire an easement by prescription as against the abutting owners. *Felton* v. *Wedthoff*, 185 Mich. 72. But counsel cite no authority to the effect that as against the public a railroad company can acquire prescriptive rights in a street. The presumption is that a railroad company uses the street by express or tacit permission of the city, and an essential of prescription, adverse possession, is wanting. *Crosby* v. *City of Greenville*, 183 Mich. 452; *Mendel* v. *Poland*, 200 Mich. 571.

"Occupation in common with the public is not exclusive possession." *LeRoy* v. *Collins*, 176 Mich. 465, 475.

However, the outstanding defect in the offer of proof was that it did not include a showing that the easement, if any, belonged to defendant. Defendant could not claim rights under an easement owned by the railroad company.

In addition, it is the established rule that a city is not liable for damages caused by a change of grade of a street, except as provided by law. The statute does not assume to cover damages for destruction of an easement in the street itself.

Judgment affirmed, with costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.