SPIEK v DEPARTMENT OF TRANSPORTATION

Docket No. 151606. Submitted May 10, 1995, at Detroit. Decided August 8, 1995, at 9:20 A.M. Leave to appeal sought.

Ronald S. and Peggy J. Spiek brought an action in the Court of Claims against the Department of Transportation, alleging inverse condemnation related to the diminution in the value of their residence following the construction of an expressway and service drive next to the residence. The court, William E. Collette, J., granted summary disposition for the defendant, finding an intrusion but ruling that the plaintiffs were not entitled to compensation as a matter of public policy because the expressway was built for the common good. The plaintiffs appealed.

The Court of Appeals *held:*

It has long been recognized that a diminution in the value of property where there is no direct invasion of the property does not result in a taking that requires compensation. However, this principle is founded upon necessity and is limited accordingly, and compensation will be due where the burden to the property goes beyond the incidental injuries that would normally be attendant and shared generally by the property owners whose lands lie within the range of inconveniences.

In this case, the trial court erred in dismissing the plaintiffs' claim without affording them an opportunity to establish that their use and enjoyment of their property has been detrimentally affected to a degree greater than that of the citizenry at large in conjunction with the normal use of a highway. If such a difference can be established, the plaintiffs are entitled to compensation.

Reversed and remanded.

EMINENT DOMAIN — INVERSE CONDEMNATION — HIGHWAYS.

An owner of residential property whose use and enjoyment of the property has been detrimentally affected to a degree greater

REFERENCES

Am Jur 2d, Eminent Domain § 199.
See ALR Index under Adjoining Landowners and Property; Eminent Domain; Highways and Streets.

than that of the citizenry at large after the construction of an expressway next to the property may be entitled to compensation for diminution in the value of the property.

*John J. Giannini,* for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Patrick F. Isom* and *Thomas P. Scallen,* Assistant Attorneys General, for the defendant.

Before: HOOD, P.J., and SAWYER and E. J. GRANT,* JJ.

PER CURIAM. Plaintiffs appeal from an order of the Court of Claims granting summary disposition in favor of defendant of plaintiffs' inverse condemnation claim. We reverse.

Plaintiffs are the owners of real property located in the City of Warren near a portion of the I-696 expressway. Plaintiffs allege that the construction of the highway near their home has diminished the value of their property due to increased noise, pollution, dirt, and vibration. Plaintiffs' complaint also alleges that their property is particularly burdened from the expressway by the location of a service drive immediately adjacent to the front of the residence, creating an additional burden on the property. The trial court dismissed plaintiffs' claim for compensation, although it noted that there wasn't "any question that these people have suffered an intrusion," and concluded that the highway was "built for the common good" and that plaintiffs should be denied compensation as a matter of public policy. We disagree with the trial court's analysis.

It has long been recognized that a diminution in the value of property where there is no direct

* Circuit judge, sitting on the Court of Appeals by assignment.

invasion of the property does not result in a taking that requires compensation. See *Richards v Washington Terminal Co,* 233 US 546, 554-558; 34 S Ct 654; 58 L Ed 1088 (1914). However, that principle is founded upon necessity and is limited accordingly, and compensation will be due where the burden to the property goes beyond the incidental injuries that would normally be attendant and shared generally by the property owners whose lands lie within the range of inconveniences. *Id.*

In *Richards,* the Court addressed the construction of a railroad, distinguishing between the inconveniences normally attendant to property located near a railroad track and those located by a railroad tunnel, which posed additional, peculiar burdens. Similarly, this Court concluded that compensation could be due to property owners in the neighborhood of an airport where the air traffic caused unbearable noise and property damage to nearby land. See *Standen v Alpena Co,* 22 Mich App 416; 177 NW2d 657 (1970).

In addition to trains and planes, the automobile has been considered by our Supreme Court, which concluded that compensation was due a property owner where his property was burdened by a change in incline on a road passing by his farmland. *Thom v State Hwy Comm'r,* 376 Mich 608; 138 NW2d 322 (1965). The following observation of the lead opinion in *Thom* is particularly noteworthy:

> While we might well agree that society's interests are paramount to the individual's insofar as the latter may not, for his own convenience, prohibit a grade change, we do not agree with the *Grigg Hanna* [*Lumber & Box Co v State Hwy Comm'r,* 294 Mich 346; 293 NW 675 (1940)] Court's ruling that society may justly benefit itself at the expense of an individual by failing to compensate

him for damage done to him in order to procure society's benefit. As Mr. Justice POTTER, who wrote for the Court in the first *Grigg Hanna Case,* said in his earlier concurring opinion in *James S Holden Co v Connor* [257 Mich 580, 596; 241 NW 915 (1932)]:

> "It has always been a basic principle of the law that 'If the work is of great public benefit, the public can afford to pay for it.' *Eaton v Railroad Co,* [51 NH 504, 518; 12 Am Rep 147 (1872)]."
> [*Thom, supra* at 623.]

In the case at bar, plaintiffs have argued that their property is unduly burdened by the expressway, in particular by the location of the service drive immediately adjacent to the residence. The trial court, however, did not dismiss plaintiffs' claim because it believed there was not sufficient evidence to establish that plaintiffs' property was burdened, indeed it even acknowledged that plaintiffs had suffered an intrusion because of the highway, but rather it dismissed the case because it believed that "there is a certain burden that each of us must bear," that "we all use that highway" and it was "built for the common good." However, as Justice POTTER said in *Connor, supra,* if the public work is a public benefit, then the public should pay for it.

For the above reasons, we conclude that the trial court erred in dismissing plaintiffs' claim without affording them an opportunity to establish that their use and enjoyment of their property has been detrimentally affected to a degree greater than that of the citizenry at large in conjunction with the normal use of a highway. If they can so establish, then they are entitled to compensation for the reasons and principles set forth in *Richards, supra.* See also *United States v Causby,* 328 US 256, 260-262; 66 S Ct 1062; 90 L Ed 1206 (1946).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiffs may tax costs.