The President and Directors of the Bank of Washington, and Henry S. and Frederick S. Holford, Administrators of James Holford, deceased, Plaintiffs in Error, *v.* The State of Arkansas, and Henry L. Briscoe, Sandford C. Faulkner, and James H. Walker. Same *v.* The State of Arkansas and the Bank of the State of Arkansas.

A bill in chancery, purporting to be a cross bill, filed under the same law of Arkansas which was mentioned in the preceding case of Holford's Administrator *v.* The State of Arkansas, comes under the decision in that case, and must be dismissed for want of jurisdiction in this court.

THESE two cases depended upon the same principle, and a report of the first will apply equally to the second.

It was brought up from the Supreme Court of the State of Arkansas by a writ of error issued under the twenty-fifth section of the judiciary act.

The case is stated in the opinion of the court.

It was argued by *Mr. Pike* for the plaintiffs in error, and by *Mr. Hempstead* for the defendants.

Mr. Chief Justice TANEY delivered the opinion of the court.

This is a bill in equity, brought in the Chancery Court of the State of Arkansas, to recover the money due on or which had arisen from, certain bonds issued by the State, to which the complainants claimed to be entitled. The bill is drawn out very much at length, and states particularly the bonds and contracts on which the complainants are proceeding, and also certain laws and acts of the State, which the bill alleges impaired the obligation of these contracts, and were forbidden by the Constitution of the United States.

It is unnecessary, however, to state at large the contents of the bill, or the particular contracts and bonds to which it refers, because the decision of the State court dismissing the bill has no relation to the validity of these contracts, or to the rights and obligations which they created. The bill was dismissed by the State court upon the same ground with the common-law actions above mentioned; and the appeal to this court must be disposed of upon the principles upon which we have dismissed the writs of error.

The bill was filed in November, 1854, and in February, 1855, the attorney for the State moved the court to dismiss it, unless the bonds upon which the complainants were proceeding were forthwith filed according to the provisions of the act of December, 1854. The complainants put in written objections to the motion, and finally refused to file the bonds. The court overruled the objections as insufficient, and dismissed the bill.

The complainants call their bill a cross bill. The bill filed by the State, and which gave rise to this, is not set forth in full in the transcript. The appellants in their bill refer to it, and state that it was filed by the State for itself and in behalf of all the creditors of the Real Estate Bank; and that it claims for the State a right to share with other creditors of the bank in certain assets of the bank in the hands of trustees, although the bonds issued by the State, which furnished the capital for the bank, had not been paid; and many of these bonds were held by the appellants, who were creditors of the bank as well as of the State.

But this is not a cross bill in the chancery sense of the words; the complainants, according to their own statement, were not defendants in the suit brought by the State. They cannot, therefore, file a cross bill, nor be regarded as defending themselves in that form of proceeding against the suit of the State. Their bill is evidently a suit against the State and others, to enforce the payment of money due on certain contracts made by the State, and the State is made a party defendant in the suit. And for the reasons assigned in the aforegoing cases at common law, the judgment of the State court dismissing the bill is not open to revision here. Like the cases at common law, it was dismissed by the State court for want of jurisdiction to proceed further, after the passage of the act of December, 1854.

The appellants have not sought to come in under the bill filed by the State for itself and all the creditors of the Real Estate Bank, and to share with the State the assets in the hands of the trustees, who are assignees of the bank. Nor, indeed, could they do so upon the allegations made in their bill; for they do not claim a common interest with the State in the fund they are pursuing, but an adverse interest, and deny the right of the State to share in it, and could not, therefore, come in and associate themselves as complainants with the State in its creditor's bill when they denied that the State was a creditor of the fund.

The laws and proceedings on the part of the State may have operated harshly and unjustly upon the appellants. But it is not the province of this court to decide that question. Those who deal in the bonds and obligations of a sovereign State are aware that they must rely altogether on the sense of justice and good faith of the State; and that the judiciary of the State cannot interfere to enforce these contracts without the consent of the State, and the courts of the United States are expressly prohibited from exercising such a jurisdiction.

The case must be dismissed for want of jurisdiction in this court; and the case of the Bank of Washington et al. against the State of Arkansas, and the Bank of Arkansas, being confessedly an original bill, must be disposed of in like manner.