POSTAL TELEGRAPH CABLE COMPANY OF NEW JERSEY

*v.*

THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY et al.

[Submitted March 2d, 1918.  Decided March 28th, 1918.]

Where telegraph poles are lawfully located on a public highway, crossed by a railroad at grade, and the municipal authorities and the railroad company enter into an agreement to change the grade of the highway in

order to abolish the grade crossing, and in performing this work it became necessary to temporarily remove the poles from the highway and restore them after the change of grade is completed, the cost of this work must be borne by the telegraph company.

*Messrs. Vredenburgh, Wall & Carey,* for the complainants.

*Mr. Walter J. Larrabee,* for the defendant Delaware, Lackawanna and Western Railroad Company.

*Mr. Fred W. Van Blarcom,* for the defendant Board of Chosen Freeholders of the county of Passaic.

*Mr. William B. Gourley,* for the defendant Township of Acquackanonk.

GRIFFIN, V. C.

This cause is submitted upon the pleadings and a stipulation of facts, from which it appears that the river road in the township of Acquackanonk in the county of Passaic is a public highway which was crossed by the Delaware, Lackawanna and Western railroad at grade; that said river road is a post road within the meaning of the act of congress, within the lines of which the complainant had erected its telegraph poles carrying wires for the transmission of messages. The railroad company and the township and county authorities entered into an agreement to change the grade of the river road to abolish the grade crossing, under laws of 1903, page 661, sections 30 and 31 (*Comp. Stat. p. 4234*) ; section 30, amended *P. L. 1915 p. 98* (*Supp. Comp. Stat. p. 1299*). In doing the work it became necessary to temporarily remove the telegraph poles and wires of the complainant to a point outside the lines of the highway, anticipating which, the complainant filed its bill to restrain this disturbance, and obtained an order to show cause, with restraint, upon the hearing of which an order was entered on the 19th day of June, 1916, on motion of the solicitors of all the parties, which, after permitting the work to be proceeded with, ordered as follows:

"FURTHER ORDERED, that the question, which of the parties shall be liable for the cost and expense of such relocation or reconstruction and the restoration of said poles and lines to within the lines of said River Road upon the completion of said improvement, and the costs on said order allowed June 3d, 1916, abide the final decree of this court."

The complainant thereafter removed its poles, wires, &c., outside the lines of the road, and restored the same after the change of grade was completed, at an expense of $1,137.63.

The question now presented is which of the parties should bear this expense.

First, are the municipalities liable?

If the complainant sought to enjoin the municipalities from changing the grade of the road because it would interfere temporarily with the maintenance of its poles in the *locus in quo,* or if it sued to recover the cost of changing the location of its poles during the improvement and restoring them to their former location after its completion, it is quite clear it would fail in both instances, because its easement is subservient to the rights of the public in the highway, from which it follows that the cost of all changes of location in the highway, made necessary to the use of the dominant right of the public in the highway, must be paid by the owners of what might be termed the subordinate easement. *Jersey City* v. *City of Hudson, 13 N. J. Eq. 420; Erie Railroad Co.* v. *Public Utilities Commissioners, 89 N. J. Law 57; affirmed, 90 N. J. Law 672, 673.*

Second, is the railroad company liable?

The complainant insists that even though the municipalities are not liable, the railroad company is. Its view is that the change of grade was made for the sole benefit of the railroad company. With this I do not agree, and do not deem it necessary to pass upon what the situation would be if this contention were true. The change of grade was made with legislative sanction, which authorized municipalities and the railroad companies to enter into agreements to abolish grade crossings—a thing clearly beneficial to both—and fixing the portion of the expense to be borne by the municipalities. This is precisely what defendants did. In the sixth paragraph the municipalities

agreed to take the necessary official, or other action, &c., to carry out the provisions of the agreement.

In the fifth paragraph the municipalities agreed (among other things) to secure the removal and re-location of the poles in question, where rendered necessary to perform the work contemplated. This paragraph was evidently inserted to bind the municipalities to exercise their rights to compel the removal or re-location of the poles during the work, so that the same might not be impeded. The railroad company assumed no liability under this paragraph.

The complainant, as I understand it, makes the point, which is combated in defendants' brief, that, as the railroad did the work (which is true), coupled with the assertion that it was for the railroad's sole benefit (which I have found to be untrue), a legal or equitable right arises in favor of the complainant against the railroad company to reimbursement. I do not deem it necessary to pass on this compound contention, if it is so urged, because the element of sole benefit to the railroad company is missing; and, as to the fact that the railroad company did the work, that fact alone does not render the railroad company liable, because, in doing it, it stood toward the municipalities in the relation of contractor and employe. *Clark* v. *Elizabeth, 61 N. J. Law 565–577.*

Being of the opinion that the defendants are not liable to reimburse the complainant, a decree will be advised dismissing the bill.