## LOUIS COOPER, RELATOR, v. STATE HIGHWAY COMMISSION, RESPONDENT.

Argued January 17, 1928—Decided July 7, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the relator, *Charles Handler* (*Spaulding Frazer,* of counsel).

For the respondent, *Edward L. Katzenbach* and *Mark A. Sullivan.*

PER CURIAM.

This case comes before us on a return to an alternative writ of *mandamus,* plea thereto and certain stipulations of counsel. From these it appears that the state highway commission has taken over a portion of London street, in the city of Newark, as a part of route number 1 of the state highways, and that it proposes as part of the construction of a portion of this route to raise the body of the street so that its centre will be thirteen feet above the present level; that the embankment will slope to the old level at a point seven feet from the private property line, which property is owned by the relator, Louis Cooper.

No action having been taken to condemn the rights of the relator, application was made to this court, through the above *mandamus* proceedings, to compel the highway commission to petition the court for the appointment of commissioners to assess the damages sustained by the relator.

From the undisputed facts it is, we think, apparent that the steps being taken by the highway commission to utilize London street for the purpose of a state highway constitute a change of grade only, and that this being true the writ of *mandamus* prayed for must be denied. It is settled in this state that a change of grade alone, in the absence of statutory authority directing otherwise, imposes no additional servitude on the land within the confines of a highway or liability to the abutting owner for damages (*Clark* v. *Elizabeth,* 61 *N. J. L.* 590); and no legislative authority has been presented to us imposing liability in the present case.

On the facts developed in the pleadings and stipulation of counsel (and without passing on the legal right of a property owner to seek redress through *mandamus* proceedings in a case like the present) relator has shown no proper property rights to have been invaded, and the peremptory writ of *mandamus* must, therefore, be denied.