## H. F. SOMMER AND COMPANY, A CORPORATION, RELATOR, v. STATE HIGHWAY COMMISSION, RESPONDENT.

Argued January 18, 1929—Decided December 28, 1929.

Before GUMMMERE, CHIEF JUSTICE, and Justice PARKER.

For the relator, *Robert H. McCarter.*

For the respondent, *Edward L. Katzenbach,* attorney-general.

The opinion of the court was delivered by

PARKER, J. Speaking in general terms, the claim of the relator is that the state highway commission has taken and is taking certain of relator's property without making any compensation therefor; and the alternative writ awarded and which relator seeks to have made peremptory, is directed to requiring that state agency to institute and prosecute the appropriate proceeding for the ascertainment and payment of such compensation. *Haycock* v. *Jannarone,* 99 *N. J. L.* 183.

The substance of the return is that what is complained of amounts to no more than a change of grade, which does not result in legal damage for which compensation is required by either constitution or statute to be paid. Other details of a minor character will be touched upon in the course of the discussion.

The facts are simple enough. The prosecutor owns a block of land in Newark fronting on the southeasterly side of London street, formerly named Dresden street, and bounded southerly by Wilson avenue, formerly Hamburg Place, southeasterly by Paris street, formerly Frankfort street, and northeasterly by Niagara street. On the southerly half of this block stands relator's factory, fronting in part on London street; the northerly half of the block is vacant land. A new state highway runs from northeast to southwest, occupying London street, and some additional width on the farther. or northwesterly side thereof; and for engineering purposes the grade of the new highway is set considerably higher than the former level of London street, in part on an embankment supported by a twenty-one foot retaining wall, and partly on a concrete viaduct resting on columns twenty-three feet high; the nearest face of this structure being about three feet from the outside wall of relator's factory. The general effect of this is to impair if not substantially destroy, access to the relator's property on the London street front at the old level and to compel resort for that purpose to the new level and the other fronts. It is plain also that, as usual in such cases, the enjoyment of light and air is greatly diminished.

In our opinion, under well-settled rules, the case is one of *damnum absque injuria*. The law is clear, and conceded by counsel for relator to be, that in this state there is no right vested in the owner of land abutting on a highway to recover damages for a change of grade in the absence of a statute giving that right. *Clark* v. *Elizabeth,* 61 *N. J. L.* 565, 578; *Manufacturers Land Co.* v. *Camden,* 71 *Id.* 490, 497. In 1858 the legislature, apparently recognizing the practical hardship of this rule, enacted a statute permitting the recovery of damages in such cases. *Pamph. L.* 1858, *p.* 415;

*Gen. Stat., p.* 4461, §§ 70, *et seq.* But this act was repealed in 1918 (*Pamph. L., p.* 659·), and there appears to be at present no statutory right to such damages, and as we have said, there is none at common law. And so this court recently decided, in the case of lands fronting on this same street, and in the next block but one to the northeast, that the owner was not entitled to a *mandamus* to the commission to take proceedings to condemn. *Cooper* ·v. *State Highway Commission,* 6 *N. J. Mis. R.* 723. That decision if in point should be controlling on us. Relator suggests that it is not controlling, because the condition there was an embankment only thirteen feet high, and sloping to the original level at a distance of seven feet from the street line. The difference appears to us to be one of degree and not of kind. In each case there is a deprivation of light, air and access; in this case the deprivation is simply greater than in the other.

The cases of the New York elevated railways and similar structures are cited for relator. They are readily distinguishable, and the distinction has often been pointed out. It is, in short, the difference between a burden imposed for the benefit of a business corporation (affected no doubt with a public interest), and a purely public use. *Barnet* v. *Johnson,* 15 *N. J. Eq.* 481, is relied on, and is a leading case in this state; but a reading of the report of that case will show that what was proposed was not the change of grade of a highway, but the erection of a private building for business purposes.

Broadly stated, the common law seems to be that a change of grade in a public highway with its incidental features of interference with former advantages of light, air and access enjoyed at the old grade, is not a taking of property in the legal sense (*Willets Manufacturing Co.* v. *Freeholders,* 62 *N. J. L.* 95); and if not, it does not constitute a legal injury. And where state courts have so declared, the federal courts will not interfere on any theory arising out of the fourteenth amendment. *Sauer* v. *New York City,* 206 *U. S.* 536.

This, we think, is enough to dispose of the main ground for the application. Certain minor points are suggested but

require no lengthy discussion. We consider only those appearing on the face of the alternative writ. In addition to the main point discussed, they are: (1) a new sewer which "endangers the foundation of relator's buildings." It is not stated that any harm has resulted or is resulting therefrom. (2) Destruction of a wagon scale in London street. What right relator had to maintain such a structure in a public street does not appear. As to alleged trespass on land of relator, and injury by settlement of the building, they appear to be legal torts outside of a taking of property for the highway, for which the contractor may be responsible, and not within the rule of *Haycock* v. *Jannarone, supra,* but rather within that of *Whitla* v. *Ippolito,* 102 *N. J. L.* 354.

Finally, the relator, anticipating that respondent will urge that the commission has never lawfully acquired jurisdiction over London street and that *mandamus* should be refused for that reason, argues that inasmuch as it has taken property of relator and as a state agency is admittedly not subject to a common-law action for damages therefor, a writ should go to compel it to acquire the necessary status and take proceedings to appraise and pay for the property thus appropriated.

The respondent in its brief makes no such claim as is suggested; but if the lack of jurisdiction be admitted, and if, as is quite possible, relator would then be entitled to apply to this court to direct the commission to acquire jurisdiction over the state and proceed to condemn any property taken, it would then appear, as it now appears, that no "property" will have been taken in the legal sense, and the writ would thus be a mere gesture, because of the absence of *res* on which to operate.

There will be a judgment for the respondent on the demurrer.