ETTA WOLFSON, RELATOR, v. COMMISSIONERS OF AS-
SESSMENTS FOR STREET IMPROVEMENTS OF THE
CITY OF PERTH AMBOY, AND THE BOARD OF COM-
MISSIONERS OF THE CITY OF PERTH AMBOY, RE-
SPONDENTS.

Submitted October 17, 1930—Decided January 21, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the relator, *David T. Wilentz.*

For the respondents, *Harry S. Medinets.*

PER CURIAM.

This is an application for a *mandamus* to require the
commissioners of assessment of Perth Amboy to award to
Mrs. Wolfson the damages sustained by her by reason of a
change of grade in Fayette street, on which her property
fronts.

Relator concedes that she is not entitled to damages unless
by virtue of some statute. In 1858 the Road act changed
the common law and allowed damages, but this was expressly
repealed in 1918. See *Sommer* v. *State Highway Commis-
sion,* 148 *Atl. Rep.* 171. Consequently, relator falls back
on section 65 of the charter of the city of Perth Amboy, which
dates from 1870, and provides that a grade shall not be
altered except by application of three-fourths of the owners,
nor without paying to the owners of any buildings where
damages are sustained by the alteration of grade, the amount

of the damage determined by the commissioners of assessment, and that these expenses shall be assessed upon the lands of those applying for the change of grade. The answer made to this is that it was repealed by the Home Rule act; and that is a question to be here determined. As is well known, the Home Rule act established an alternative method of doing this sort of work. One method is, by regarding it as a local improvement and assessing the benefits upon the property benefited; the other way is to consider it a general improvement and have the cost borne by the municipality at large. In the present case the improvement was a general improvement and the argument for the respondent is, that whatever might be said about it, if it were a local improvement, the fact that it is a general improvement under the Home Rule act takes it entirely outside the provisions of the charter, which are restricted to cases where the cost is assessed upon the property, so that even if section 65 is still in force and unrepealed as to assessable damages, it is not in force with respect to general improvement.

It is unnecessary to adopt this view of the matter, which might result in the conclusion that Perth Amboy can evade liability for damages by making a general improvement when it would be liable for damages if the improvement were local. It cannot be doubtful that the Home Rule act establishes an entirely new scheme of operation, and is intended as a general new regulation relating to all municipalities; and that in consequence the provisions of the charter entitling the owner to damages have been repealed by the Home Rule act whether the improvement be a general or a local one. *Harrington's Sons Co.* v. *Jersey City,* 78 *N. J. L.* 610; *Board of Education* v. *Tait,* 81 *N. J. Eq.* 161.

The rule to show cause will be discharged.