STROBEL STEEL CONSTRUCTION COMPANY, A CORPORATION, PLAINTIFF-APPELLANT, v. STATE HIGHWAY COMMISSION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued February 2, 1938—Decided April 29, 1938.

For the appellant, *John J. Stamler* and *Merritt Lane.*

For the respondent, *David T. Wilentz,* attorney-general, *William A. O'Brien, Benjamin G. VanTine* and *William J. McCormack,* assistant attorney-generals.

The opinion of the court was delivered by

WELLS, J. This is an action by the plaintiff, a contractor, against the State Highway Commission of the State of New Jersey, to recover an alleged balance due to it under a contract whereby it agreed to furnish and deliver all material and labor for the construction of Route No. 10, in conformity with the specifications of the State Highway Department, and whereby the State Highway Commission agreed to pay to the plaintiff "for said work when completed in accordance with said plans and specifications" the prices specified in said contract.

The complaint originally filed improperly named the State Highway Commission rather than the State Highway Commissioner as the defendant. See *Pamph. L.* 1935, *ch.* 178, *p.* 440 (1 *Rev. Stat.* 27:1-1). An amendment was allowed correcting this mistake.

Before this amendment was allowed, however, an application was made to the trial court sitting as Supreme Court commissioner, to quash the summons and dismiss the complaint upon the ground that the State of New Jersey could not be sued in its own court without its consent and that a suit against the State Highway Commission, an agency of

the state, was in effect a suit against the state itself, and could not be maintained because consent to be sued had not been given.

The trial court struck the complaint, holding that the suit was one in effect against the state, relying upon *Curtis and Hill Gravel and Sand Co.* v. *State Highway Commission* (*Court of Chancery,* 1920), 91 *N. J. Eq.* 421, *&c.,* wherein Vice-Chancellor Buchanan said:

"That the State Highway Commission is an alter ego of the state and not a mere subordinate is so clear as to need little discussion. The statute (*Pamph. L.* 1917, *p.* 35, § 1) creates a State Highway Department 'to be governed by a board to be known as the State Highway Commission.' The members of the commission are the governor himself, *ex-officio,* and eight members appointed by the governor by and with the advice and consent of the senate. The contracts made by the commission are clearly contracts of the state—they may be made either in the name of the state or of the commission. The funds expended for its work are the funds of the state, and expended through the usual state channels. The work which it is to do is the construction and maintenance of a state highway system, reaching throughout the entire state and for the benefit of all the citizens, not merely in or for the benefit of any particular locality of the citizens thereof."

With this enunciation of the learned vice-chancellor we are in accord. There have been numerous decisions in the courts of our state to the same general effect, some of which cite *Curtis and Hill Gravel and Sand Co.* v. *State Highway Commission, supra;* see *Haycock* v. *Jannarone* (*Court of Errors and Appeals*), 99 *N. J. L.* 183; *Nesbitt* v. *Board of Managers, New Jersey Agriculture Experiment Station* (*Supreme Court,* 1931), 10 *N. J. Mis. R.* 19; *Stephens* v. *The Commissioners of the Palisades Interstate Park* (*Court of Errors and Appeals,* 1919), 93 *N. J. L.* 500; *DeSantis* v. *Delaware, Lackawanna and Western Railroad et al.* (*Supreme Court,* 1933), 11 *N. J. Mis. R.* 22; *Board of Tenement House Supervision* v. *Schlechter* (*Supreme Court,* 1912), 83 *N. J. L.*

88; *State Highway Commission* v. *Elizabeth,* 102 *N. J. Eq.* 221; *affirmed,* 103 *Id.* 375; see, also, interesting comment in this court's *per curiam* opinion in *Union Indemnity Co.* v. *State Highway Commission,* 105 *N. J. L.* 656 (at *p.* 657).

A suit brought against a state agency is, in fact, a suit against the state if the judgment obtained will operate to control the action of the state or subject it to liability. The answer to the question as to who will pay in the event of judgment in the instant case is apparent. Should this action be permitted and plaintiff succeeds it is the money of the State of New Jersey that would be used in payment. See the Budget act, *Pamph. L.* 1933, *ch.* 193, *p.* 418.

This suit involves the property of the state and being predicated directly upon a contract made by state officers representing the state, it is in effect a suit against the state without its consent.

In *Lodor* v. *Baker,* 39 *N. J. L.* 49, the Supreme Sourt said (at *p.* 50):

"With regard to state courts, it requires no constitutional provision to shield the state from suits by its own citizens, or by the citizens of another state. It enjoys this immunity as one of the essential attributes of sovereignty, it being an established principle of jurisprudence in all civilized nations, that the sovereign cannot be sued in its own courts without its consent. *State* v. *Kirby,* 2 *South.* 835; *Beers* v. *Arkansas,* 20 *How.* 527; *Dillon on Mun. Corp.,* § 14."

See, also, *American Dock and Improvement Co.* v. *Trustees, &c., of the Public Schools* (*Court of Errors and Appeals,* 1882), 35 *N. J. Eq.* 181 (at *p.* 252); 25 *R. C. L.* 412, § 49; 42 *A. L. R.* 1465.

Counsel for appellant conceded that the state cannot be sued without its consent and likewise conceded that an agency of the state that is solely such an agency cannot be sued without the consent of the state if in fact the suit is against the state. Appellant says the question is whether the State Highway Commission as it originally was, now the State Highway Commissioner, was such a body as that it must be assumed that the legislature intended that it should be subject to suit

by contractors with whom it was authorized to contract in its own name for the performance of work.

In furtherance of its argument that such was the intention of the legislature, appellant recites the history of the creation and operation of the highway department and quotes provisions from chapter 15 of the laws of 1917, page 35, &c., section 111, chapter 319, *Pamph. L.* 1927; *Rev. Stat.* 27 :7-21 and other statutes and says that the provisions of the statutes, considered as a whole, indicate that it was the intent of the legislature to set up an independent body, authorizing it to perform the work and to make contracts in its own name and to have complete control over payment, supplying it with a fund which was not made up solely of appropriations from year to year but from receipts from certain sources in the future; that it is precisely the same situation as if the state had set up an independent corporation.

We cannot agree with the contention of appellant that the consent for suits against the highway commission or commissioner can be *inferred* from the language of the statutes. This contention is in conflict with the well settled principle of law that no public right can be taken away or protection of sovereign rights surrendered by mere inference or legal construction. Moreover, it may be said to be a fundamental rule of construction that what is not clearly granted by the state is withheld and that statutes permitting suits against the state, being in derogation of sovereignty, must be strictly construed. 25 *R. C. L.* 416, § 52.

In *New Jersey Interstate Bridge Commission* v. *Jersey City (Court of Chancery,* 1922), 93 *N. J. Eq.* 550, Chancellor Walker said (at *p.* 553) :

"Statutes in derogation of sovereignty, such as those conferring powers on corporation, are to be strictly construed in favor of the state, and are not permitted to divest the state or its government of any of its prerogatives, rights or remedies, unless the intention of the legislature to effect such object is clearly expressed in the statute. 36 *Cyc.* 1177. No public right can be taken away by mere inference or legal construction * * *."

If the legislature had intended that the highway commission, or commissioner, might be sued it could have said so in plain and explicit language as it did when creating other commissions—such as the Commissioners of Palisades Park (*Rev. Stat.*, 32:14-2); Delaware River Joint Commission (*Idem.*, 32:3-5); Delaware River Joint Toll Bridge Commission (*Idem.*, 32:8-3); South Jersey Port District (*Rev. Stat.*, 12:11-2); Port Raritan District (*Idem.*, 12:12-2); High Point Park (*Idem.*, 13:5-2), in all of which legislation, after stating that the board or commission was created a body politic, the words "with power to sue and be sued," or their equivalent, are found.

Furthermore, we fail to see wherein the appellant has any cause for complaint. It knew when it entered into the contract, that in the event of a breach thereof, its remedy was an appeal to the legislature.

In the case of *Bank of Washington* v. *Arkansas*, 20 *How.* (*U. S.*) 530; 15 *L. Ed.* 993, in which a bill in Chancery was filed against the state to enforce the payment of money due on certain bonds made by the state, Chief Justice Taney said:

"The laws and proceedings on the part of the state may have operated harshly and unjustly upon the appellants. But it is not the province of this court to decide that question. Those who deal in the bonds and obligations of a sovereign state are aware that they must rely altogether on the sense of justice and good faith of the state; and that the judiciary of the state cannot interfere to enforce these contracts without the consent of the state, and the courts of the United States are expressly prohibited from exercising such a jurisdiction."

Inasmuch as appellant has not seen fit to argue his second and third grounds of appeal in which he alleges a violation of his constitutional rights by reason of the trial court's action, we shall not take the time to discuss the questions raised thereby except to say that we find no merit in them.

We concur in the conclusion reached by the learned trial court that the State Highway Commission or commissioner,

as is now constituted, is an alter ego of the state; that any contracts made by the commission or commissioner are clearly contracts of the state; that in order to be sued it was necessary to obtain the consent of the state and that there is nothing to be found in the statute creating the highway commission or any amendment thereto, or in any other statutes, from which consent can be spelled out or inferred.

The action of the court below striking out plaintiff's complaint and entering judgment for the defendant is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ.  14.

*For reversal*—None.