JOHN D. COLBURN ET AL., RELATORS-RESPONDENTS, v. DELAWARE RIVER JOINT TOLL BRIDGE COMMISSION, RESPONDENT-APPELLANT.

Argued May 16, 1939—Decided September 22, 1939.

For the appellant, *John H. Pursel* and *Edward P. Stout.*

For the respondents, *Robert B. Meyner.*

The opinion of the court was delivered by

DONGES, J.   This appeal is from a judgment of the Supreme Court allowing a writ of *mandamus*.   It brings up the question of the right of the relators to have damages assessed for alleged injury to their property by reason of the construction of the Phillipsburg-Easton bridge under the control and supervision of the Delaware River Joint Toll Bridge Commission.   This commission was created by chapter 297 of the laws of 1912.

The relators have property in the vicinity of the abutments and approaches of the bridge.   None of their property was actually taken.   Their claim is for consequential damage by the closing of streets and by the obstruction of view and limitation of light and air by the construction of the abutments and approaches.

In the opinion of Mr. Justice Parker it is pointed out that under the law of New Jersey there could be no recovery for these consequential damages, in the absence of some statute. It appears, however, that the act of 1912, as amended, now *R. S.* 32:9-1 *et seq.*, an act which purports to be a joint act of the State of Pennsylvania and the State of New Jersey, acting through their several legislatures, provides for the payment of damages for injuries alleged to be suffered. In 32:8-4 the power of condemnation and matters relating thereto are dealt with and the term "real property" is defined as follows:

"The term 'real property' as used in this compact includes lands, structures, franchises, and interests in land, including lands under water and riparian rights, and any and all things and rights usually included within the said term, and includes not only fees simple and absolute, but also any and all lesser interests, such as easements, rights of way, uses, leases, licenses and all other incorporated (incorporeal) hereditaments and every estate, interest or right, legal or equitable, including terms of years and liens thereon by way of judgments, mortgages, or otherwise, and also claims for damage to real estate."

It will be noted that the very last provision is "claims for damage to real estate." In 32:9-1 *et seq.*, the method of acquisition is provided for, and in 32:9-7 it is provided that:

"The joint commission, having viewed the premises or examined the property, shall hear all parties interested and their witnesses, and shall estimate the value of the property taken, including any easements, rights or franchises incident thereto as well as the damages for property taken, injured or destroyed, and shall state to whom the damages are payable."

This latter language follows the constitution of Pennsylvania, adopted in 1874, section 8 of article 16, which provides:

"Municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction, enlargement of their works, highways, and improvements, which compensation shall be paid before such taking, injury or destruction."

In *Chester County* v. *Brower,* 12 *Atl. Rep.* 577, the Supreme Court of Pennsylvania held that this constitutional provision covered injury by the construction of abutments of a bridge fourteen feet above the grade of the street in front of plaintiff's house. And in *Pennsylvania Railroad* v. *Miller,* 132 *U. S.* 75; 33 *L. Ed.* 267, the United States Supreme Court dealt with the same constitutional provision in a case growing out of the construction of the abutments and piers by the railroad from its Broad Street Station to the Schuylkill river, and held that compensation for the construction of the piers adjacent to the lands of the complainant property owner should to paid under the Pennsylvania Constitution.

Our Eminent Domain act provides only for proceedings to determine the amount of damages where lands are actually taken. In the instant case, the language used in the act following that found in the Constitution of Pennsylvania, which has had judicial interpretation, it appears to be reasonable to follow such interpretation and to hold, as did the Supreme Court, that by the use of the language it was intended to award to persons whose property might be injured consequential damages for such injury.

It is further complained that it was error to award *mandamus* because the relators did not have title to the land, but the act is very broad and permits anyone having any character of interest to have his damages awarded.

The appellant also alleges that it was error to permit at the trial testimony as to the value of the lands. No injury was done with respect to this, because the duty now devolves upon the commission to determine the extent of the consequential damages, and it fixes the sum due with an appeal under the Eminent Domain act (omitting the appointment of commissioners in condemnation) as provided in that act.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.

*For reversal*—None.