**S. B. PENICK & CO. et al. v. NEW YORK CENT. R. CO. et al.**

**No. 7225.**

Circuit Court of Appeals, Third Circuit.

May 3, 1940.

---

Lichtenstein, Schwartz & Friedenberg, of Hoboken, N. J. (David Friedenberg, of Hoboken, N. J., of counsel; and Howard Engel, of Hoboken, N. J., on the brief), for appellants.

John A. Bernhard, of Newark, N. J., for appellee Public Utility Commission of New Jersey.

Collins & Corbin, of Jersey City, N. J. (Edward A. Markley, of Jersey City, N. J., of counsel; and Raymond J. Lamb, of Jersey City, N. J., on the brief), for appellee Erie R. Co.

John A. Hartpence, of Jersey City, N. J., for appellee New York Cent. R. Co.

Before BIGGS, MARIS, and JONES, Circuit Judges.

BIGGS, Circuit Judge.

The appellants own certain improved real estate abutting on Willow Avenue, a public highway in Hoboken, New Jersey. Willow Avenue, prior to the happening of the events set forth in the complaint, was crossed at grade by the appellee railroad companies' tracks. These companies, pursuant to an order of the Board of Public Utility Commissioners of New Jersey, constructed a viaduct and carried Willow Avenue above and across the tracks. Part of the viaduct is located on Willow Avenue at a point where the appellants' properties abut upon it. The appellants by their complaint allege that by reason of the erection of the viaduct, their easements of light and air, access to and egress from the premises, were impaired. Motions to dismiss, filed by the appellees, were granted by the court below, which entered final judgment in favor of the appellees. The appeal at bar is from this judgment. It must be borne in mind that none of the appellants' lands were taken physically in order to find space upon which to put the viaduct. The suit at bar is to recover incidental or consequential damages.

The appellants make three contentions. First, they contend that the railroads are liable to them for damages sustained by them at common law, irrespective of any statute. Second, they contend that by the provisions of Section 2 of the Fielder Grade Crossing Act, P.L.1913, Chap. 57, p. 91, Sec. 2, as amended, P.L.1933, Chap. 390, p. 1092; R.S.1937, 48:12–62, N.J.S.A. 48:12–62, the railroads are liable to them for damages. Third, they contend that by the provisions of Section 2 of the Fielder Act, the Board of Public Utility Commissioners of New Jersey is liable for fifty per cent of the damages suffered by the appellants. We will deal with these contentions seriatim.

We think that it is entirely clear that by the common law of New Jersey, that is to say, in the absence of a right conferred by statute, the owner of an abutting property possesses no right to recover damages for a change of grade of a street if that change be made pursuant to public authority, although the change impairs easements of light, air, and access to and egress from his premises. Burns Holding Corporation v. State Highway Commission, 150 A. 768, 8 N.J.Misc. 452, affirmed, 108 N.J.L. 401, 154 A. 628; Colburn v. Delaware River Joint Toll Bridge Comm., 123 N.J.L. 197, 8 A.2d 563. We are also of the opinion that the erection by the appellee railroads of the viaduct to carry Willow Avenue over the railroad tracks was the equivalent of a change of grade, and distinguishable from a case in which a viaduct or similar structure is erected by a transportation company for its own exclusive use. See Sauer v. New York, 206 U. S. 536, 27 S.Ct. 686, 51 L.Ed. 1176, in which the Supreme Court of the United States affirmed a decision of the Court of Appeals of New York, at 180 N.Y. 27, 72 N.E. 579, 70 L.R.A. 717. In the cited case, 206 U.S. at page 553, 27 S.Ct. 686, 51 L. Ed. 1176, Mr. Justice Moody makes plain that a right to compensation exists in the abutting owner when an elevated structure has been erected for the practically exclusive occupation of a railroad, but that such a right does not exist in the abutting owner when such a structure has been erected for public use and travel. We can perceive no difference between the law of New York and New Jersey in this regard which would aid the appellants. Indeed, the appellants expressly concede that their title to the fee of the lands in the highway is subordinate to a public easement of passage. See Winter v. Peterson, 24 N.J.L. 524, 61 Am. Dec. 678, and Faulks v. Allenhurst, 115 N. J.L. 456, 180 A. 877. They further concede that a governmental agency executing a

public function does not incur liability for damages; that a municipal corporation, for example, altering the grade of a highway, may be considered fairly to be serving the public easement of passage. See Tinsman v. Belvidere, etc., Co., 26 N.J.L. 148, 160, 69 Am.Dec. 565.

■ We are also of the opinion that the railroads in building the viaduct under discussion in the case at bar acted under compulsion as agents of the State of New Jersey and carried out under the state police power a grade crossing elimination required for public safety. See Postal Telegraph Cable Co. v. Delaware, L. & W. R. Co., 89 N.J.Eq. 99, 104 A. 141, affirmed, 90 N.J.Eq. 273, 106 A. 892.

We conclude therefore that the appellee railroads must be deemed to be without liability to the appellants unless such liability is created under the Fielder Act.

■ Section 1 of the Fielder Act, R.S. 1937, 48:12–61, N.J.S.A. 48:12–61, provides that whenever a public highway (other than a state highway) and railroad tracks, crossing each other at the same level, are in such close proximity as to be necessarily involved in one elimination project, and it shall appear to the Board of Public Utility Commissioners that such a crossing is dangerous to public safety, the Board may order the company or companies operating the railroad to alter such crossing according to plans approved by the Board. There can be no question that in the case at bar Willow Avenue was taken over the railroad tracks by the viaduct according to plans approved by the Public Utility Commissioners.

Section 2 of the Fielder Act, R.S.1937, 48:12–62, N.J.S.A. 48:12–62, provides in part, "The railroad company or companies involved, and the board out of funds to be provided for that purpose, shall each pay fifty per cent of the entire expense of such alterations * * *, *including damages to adjacent property* * * *." We have italicized the words of particular relation

to the case at bar in Section 2. We conclude that the Fielder Act does not grant or create a new right of damages in any adjacent property owner for the following reasons.

As is pointed out by the learned Commissioner in R. & A. Realty Corporation v. Pennsylvania R. Co., 3 A.2d 293, 297, 16 N.J.Misc. 537, at the time of the passage of the Fielder Act in 1913, Section 70 of the Road Act, Pamph.L. 1858, p. 415, was in force and granted a right of action[1] for damages suffered by any person whose house stood upon a street the grade of which was altered pursuant to the legislative authority of any city of New Jersey. For this reason the phrase italicized above was incorporated in the second section of the Fielder Act. Section 70 of the Road Act was repealed in toto in 1918. See Pamph.Laws 1918, pp. 652, 659. It is clear that the "damages to adjacent property" referred to in the Fielder Act are the damages made recoverable to the owner by Section 70 of the Road Act. When Section 2 of the Fielder Act was amended in 1930 and 1933, no right of action then existed in favor of an adjacent property owner for damages because of a change of grade of a street, the statute creating such a right having been repealed. See Sommer & Co. v. State Highway Commission, 106 N.J.L. 26, 148 A. 171, 172, and Cooper v. State Highway Commission, 143 A. 3, 6 N.J.Misc. 723. As is stated in R. & A. Realty Corporation v. Pennsylvania R. Co., supra, 3 A.2d at page 297, "The Fielder Act, as amended, did not nor was it intended to create a cause of action in adjacent landowners for damages occasioned by the changed grade of a street or highway. * * * The intent was not to impose a liability to pay damages where none existed but merely to provide a method of ascertaining and paying damages for such taking of private property as under existing law entitled the owner to compensation. * * * There was no necessity upon the part of the legislature to create such a

---

[1] The provision mentioned is as follows: "An action doth and shall lie in behalf of any person or corporation owning any house or other building standing and erected upon any street or highway, the grade whereof shall be, or shall have been, altered by virtue of the ordinance, resolution, or other proceeding of the legislative authority of any city, borough, town corporate, village, or other municipality in this state, to recover from such city, borough, town corporate, village, or other municipality all damages which such owner or owners shall suffer by reason of altering any such grade; provided, that no such action shall be brought after the expiration of twelve months from the working of any such grade." Pamph.L.1858, p. 415; Section 70 of the Road Act; 4 Comp.Stat. 1910, p. 4461.

cause of action for the statute of 1858 as amended, * * * granting that right, was then in full force and effect. Such a right, in derogation of the common law, must be created by an express statute to that effect. It will not be inferred or implied by judicial construction. The sole purpose of Section 2 was to apportion the cost of the grade crossing elimination among the various parties concerned therein."

■■ As to the liability of the Public Utility Commissioners it· is obvious that together they constitute a state agency, a board endowed with public interest. As a state agency, neither the board nor its members may be sued without express statutory authority. Strobel Steel Construction Co. v. State Highway Commission, 120 N. J.L. 298, 198 A. 774. Since no such authority is expressed in the Fielder Act or may be inferred from its terms, the suit of the appellants against the Board of Public Utility Commissioners must fail also.

In our opinion the decision in R. & A. Realty Co. v. Pennsylvania R. Co., supra, declares the law of New Jersey applicable to the case at bar.

Accordingly, the judgment of the court below is affirmed.