STROBEL STEEL CONSTRUCTION COMPANY, A CORPORATION, PROSECUTOR, v. E. DONALD STERNER, AS STATE HIGHWAY COMMISSIONER OF THE STATE OF NEW· JERSEY, DEFENDANT.

Argued January 22, 1941—Decided February 7, 1941.

Before Justices BODINE and PORTER.

For the prosecutor, *Charles J. Stamler* and *Lionel P. Kristeller.*

For the defendant, *David T. Wilentz, William A. O'Brien* and *William J. McCormack.*

BODINE, J. The prosecutor seeks a writ of *certiorari* to review a determination of the State Highway Commissioner

in not allowing its claim in full for alleged extra work in connection with the Hackensack river bridge project. It previously brought suit and its complaint was struck. The Court of Errors and Appeals held this action proper (*Strobel Steel, &c., Co.* v. *State Highway Commission*, 120 *N. J. L.* 298), Judge Wells saying: "A suit brought against a state agency is, in fact, a suit against the state if the judgment obtained will operate to control the action of the state or subject it to liability. The answer to the question as to who will pay in the event of judgment in the instant case is apparent. Should this action be permitted and plaintiff succeeds it is the money of the State of New Jersey that would be used in payment. See the Budget act, *Pamph. L.* 1933, *ch.* 193, *p.* 418. This suit involves the property of the state and being predicated directly upon a contract made by state officers representing the state, it is in effect a suit against the state without its consent. In *Lodor* v. *Baker,* 39 *N. J. L.* 49, the Supreme Court said (at *p.* 50) : "With regard to state courts, it requires no constitutional provision to shield the state from suits by its own citizens, or by the citizens of another state. It enjoys this immunity as one of the essential attributes of sovereignty, it being an established principle of jurisprudence in all civilized nations, that the sovereign cannot be sued in its own courts without its consent. *State* v. *Kirby,* 2 *South.* 835; *Beers* v. *Arkansas,* 20 *How.* 527; *Dillon on Mun. Corp.,* § 14."

There is pending in the Court of Errors and Appeals a *mandamus* proceeding growing out of the same transaction. On August 3d, 1939, the defendant found that $8,520.48 was the full amount due on the contract. It is argued that this finding should be reviewed, since it should have been for a much larger amount, to wit, $780,327.22.

The defendant is an administrative officer of the state. *N. J. S. A.* 27 :1-1. His action as such is not reviewable on *certiorari.* 10 *Amer. Jur.* 523, *et seq.* Nor was he, in reviewing the claim, acting as a special statutory tribunal. *N. J. S. A.* 2 :81-1. The legislature could have set up a tribunal akin to the Federal Court of Claims, but in the absence of such action no court may subject the sovereign to suit.

The writ will be denied, with costs.