STROBEL STEEL CONSTRUCTION COMPANY, A CORPORATION, APPELLANT, v. E. DONALD STERNER AS STATE HIGHWAY COMMISSIONER OF THE STATE OF NEW JERSEY, RESPONDENT.

STROBEL STEEL CONSTRUCTION COMPANY, A CORPORATION, APPELLANT, v. STATE HIGHWAY COMMISSIONER OF THE STATE OF NEW JERSEY AND WILLIAM H. ALBRIGHT, TREASURER OF THE STATE OF NEW JERSEY, RESPONDENTS.

Argued February 4 and 5, 1942—Decided April 23, 1942.

For the appellant, *Charles J. Stamler.*

For the respondents, *David T. Wilentz* and *William J. McCormack.*

The opinion of the court was delivered by

COLIE, J.  The appeal in number 21 is from the denial of appellant's application for a writ of *certiorari* to review the determination of E. Donald Sterner, State Highway Commissioner, upon the claims of the appellant herein.

This litigation stems out of a contract entered into in 1929 between Strobel Steel Construction Company and the State Highway Commission for the construction of a bridge over the Hackensack River.  The construction company abandoned the work prior to completion and the surety company on its bond finished the task.  Thereafter, the construction company instituted suit against the State Highway Commission.  Upon motion addressed to the complaint, the trial court struck it on the ground that it was, in effect, a suit against the sovereign.  Upon appeal, the Court of Errors and Appeals affirmed the order striking the complaint.  *Strobel Steel, &c., Co.* v. *State Highway Commission,* 120 *N. J. L.* 298.  Failing in a direct attack, the construction company had resort to an application for a writ of *certiorari* to review the determination of the Highway Commissioner.  The Supreme Court denied the application.  *Strobel Steel, &c., Co.* v. *E. Donald Sterner,* 125 *Id.* 622.  The allowance of a writ of *certiorari* and the withdrawal of *allocatur* are discretionary and cannot be reviewed in this court.  *Frazier Co.* v. *Long Beach,* 110 *Id.* 221.  The appellant grounds its appeal upon an abuse of discretion.  The denial of the writ shocks neither reason nor justice, quite the reverse.  *Nelson* v. *Eastern Air Lines, Inc.,* 128 *Id.* 46.

Appeals number 22 and number 23 are directed against orders of the court below in *mandamus* proceedings instituted by the construction company.  As set forth in appellant's brief, the attack is directed against (a) an order vacating the *allocatur* to the first writ of *mandamus;* (b) an order permitting the respondent to withdraw a demurrer to the second

writ of *mandamus* and vacating the *allocatur* thereto; (c) an order denying an application to vacate the rule for judgment on the third writ of *mandamus* to admit further proof; and, (d) an order sustaining respondent's demurrer to the third writ. (Rule for judgment.)

Grounds (a), (b) and (c) are all addressed to orders of a discretionary nature and are not appealable. *Winegrath* v. *Fairview*, 77 *N. J. L.* 448; *Frazier* v. *Long Beach, supra;* ground (d) is appealable. *Kenny* v. *Hudspeth, 59 N. J. L.* 504. The mandate of the writ as to which the demurrer was sustained, directed the State Highway Commissioner "to pass upon the claims of the relator, Strobel Steel Construction Co." Our examination of the state of case shows no provision of the contract or specifications which placed upon the Commissioner the duty to pass upon the claims. However, the record indicates that the claims were passed upon and rejected.

Strobel Steel Construction Company having been denied the right to sue at law has had recourse to the writs of *certiorari* and *mandamus* to accomplish by indirection that which it could not accomplish directly. Such an attempt has been dealt with by the United States Supreme Court in *Reeside* v. *Walker,* 11 *Howard* 272; 13 *L. Ed.* 692 (at *p.* 700):

"It is well settled, too, that no action of any kind can be sustained against the government itself, for any supposed debt, unless by its own consent, under some special statute allowing it, which is not pretended to exist here. * * *

"Such being the settled principle in our system of jurisprudence, it would be derogatory to the courts to allow the principle to be evaded or circumvented.

"They could not, therefore, permit the claim to be enforced circuitously by *mandamus* against the Secretary of the Treasury, when it could not be directly against the United States;"

The appeal in number 21 from the order of the Supreme Court denying a writ of *certiorari* is dismissed, with costs.

The appeal in number 23 from the order of the Supreme Court denying the application to open the rule for judgment is dismissed, with costs. The judgment of the Supreme Court entered in favor of respondents on a demurrer to the alterna-

tive writ of *mandamus* is affirmed, with costs. In all other respects, the appeal in number 22 is dismissed, with costs.

As to Case No. 21—

*For affirmance*—None.

*For reversal*—None.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, HEHER, PERSKIE, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 11.

As to Case No. 22—

*For affirmance in part*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, HEHER, PERSKIE, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 11.

*For reversal*—None.

*For dismissal in part*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, HEHER, PERSKIE, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 11.

As to Case No. 23—

*For affirmance*—None.

*For reversal*—None.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, HEHER, PERSKIE, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 11.