84 N.J. Super. 391 (1964)
202 A.2d 218
ANNIE E. SCHUSCHEL AND CARL SCHUSCHEL, APPELLANTS,
v.
C. VOLPE, DEFENDANT, AND BOROUGH OF HASBROUCK HEIGHTS, A MUNICIPAL CORPORATION, RESPONDENT, CROSS-APPELLANT,
v.
COUNTY OF BERGEN, A PUBLIC CORP. OF N.J., DWIGHT G. PALMER, NEW JERSEY STATE HIGHWAY COMMISSIONER, AND JOHN P. PETERSON, THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 4, 1964.
Decided June 26, 1964.
*392 Before Judges GAULKIN, FOLEY and LEWIS.
Mr. James A. Major argued the cause for Annie E. Schuschel and Carl Schuschel (Messrs. Major & Major, attorneys).
Mr. Ralph W. Chandless argued the cause for the Borough of Hasbrouck Heights (Messrs. Chandless, Weller & Kramer, attorneys).
Mr. Nelson G. Gross, Bergen County Counsel, argued the cause for the County of Bergen (Mr. Mario R. LaBarbera, on the brief).
Mr. Joseph Lipkin, Deputy Attorney General, argued the cause for Dwight G. Palmer (Mr. Arthur J. Sills, Attorney General, attorney).
PER CURIAM.
Plaintiffs Annie E. Schuschel and Carl Schuschel appeal from the judgment in favor of the Borough of Hasbrouck Heights; the borough cross-appeals from the judgments in favor of plaintiffs, the County of Bergen and New Jersey State Highway Commissioner Dwight G. Palmer. There were other parties to the proceedings below, and judgments in their favor, but no appeal has been taken by any party from those judgments.
*393 The trial judge reported in his opinion that "After this three to four day trial, an authorized inspection of the locus in question was made by this court * * *." After this case was argued before us we, too, concluded that we would be able to understand the evidence better if we viewed the premises, and this we did with the consent and in the company of counsel for all parties.
We have reviewed the testimony and the exhibits and find ourselves in agreement with the conclusions reached by Judge Pashman relating to the issues between plaintiffs, the borough and the County of Bergen, and we affirm those judgments for the reasons stated by him.
The borough's third-party complaint against State Highway Commissioner Dwight G. Palmer was dismissed before trial on the ground of sovereign immunity, and the borough appeals from that dismissal.
The third-party complaint against Commissioner Palmer alleged that "State highway route 17 is a part of the highway system" under his jurisdiction, and:
"6 R.S. 27:7-18 & 21 and other statutes of the State of New Jersey place upon the said Dwight G. Palmer, New Jersey State Highway Commissioner the ministerial duty to maintain the drainage necessary incidental to the operation of the State Highway System.
7. Pursuant to such statutory authority, the said Dwight G. Palmer, New Jersey State Highway Commissioner has closed the said West Riser Ditch and diverted the flow of the water in the lowlands between Williams Avenue and Franklin Avenue to and through a series of culverts designed and intended to carry said flow of water under Route 17 from the westerly side thereof to the easterly side thereof but said acts in respect to the West Riser Ditch have been improperly done and the culverts under the said Route 17 are insufficient in design, depth, size and construction and have been improperly repaired and cleaned so that the flow of water has become clogged and stagnated.
8. The acts of the said Dwight G. Palmer, New Jersey State Highway Commissioner constitute an encroachment upon a public easement and have resulted in a public and common nuisance which continues to exist at the present time.
9. The acts of the said Dwight G. Palmer further comprise violations of Chapter 1 of Title 58 of the Revised States of New Jersey."
*394 The borough demanded judgment:
"a. Restraining and enjoining the State of New Jersey Highway Commissioner, his agents and servants from continuing to maintain a public nuisance and for violating the law in respect to the West Riser Ditch.
b. Commanding the said Dwight G. Palmer, New Jersey State Highway Commissioner to reconstruct the said West Riser Ditch to permit the proper flow of the water therefrom."
The borough argues, and we agree, that sovereign immunity has been and is being pared down, but we do not think it has been cut down far enough to permit this action. The borough cites Bruder v. Teachers' Pension & Annuity Fund, 27 N.J. 266 (1958), Taylor v. N.J. Highway Authority, 22 N.J. 454 (1956), and other cases, but we do not think any of them apply to the facts at bar.
Although nominally the action is against Commissioner Palmer, it is in fact against the State. Strobel Steel, etc., Co. v. State Highway Comm., 120 N.J.L. 298 (E. & A. 1938). See also Strobel Steel Construction Co. v. Sterner, as reported in 125 N.J.L. 622 (Sup. Ct. 1941), and in 128 N.J.L. 379 (E. & A. 1942); cf. Duke Power Co. v. Patten, 20 N.J. 42, 50 (1955); Gallena v. Scott, 11 N.J. 231 (1953). The State built Route 17. The borough claims the culverts under said road "are insufficient in design, depth, size and construction." If true, and it did result in a nuisance or an encroachment upon a public easement, that is due to the acts or negligence of the State, for which neither it nor the Commissioner may be sued by the borough. If the alleged actions of the State caused damage to a private landowner, he might be able to compel the State to condemn (cf. Mueller v. N.J. Highway and Palmer, 59 N.J. Super. 583 (App. Div. 1960); Miller v. Port of New York Authority, 18 N.J. Misc. 601, 15 A.2d 262 (Sup. Ct. 1939)), but the borough is not in an equivalent position nor does it seek condemnation.
The borough contends that the obligation to keep the culverts repaired and cleaned out is a "ministerial duty" upon the Commissioner, which he may be compelled to perform by *395 this cross-claim in lieu of the pre-1948 prerogative writ of mandamus. We disagree.
We lay aside the fact that the complaint seeks a judgment "commanding" the Commissioner "to reconstruct the West Riser Ditch"  clearly not a ministerial act. The statutes mentioned in the borough's complaint (R.S. 27:7-18 and 21) do not require the Commissioner to keep culverts clean or to maintain proper drainage in lands abutting upon highways. We know of no statute which specifically requires him to do so. He may act to "prevent water from coming in contact with and damaging a state highway" (R.S. 27:7-41), but we know of no statute which requires him to act with reference to drainage of adjacent property.
In short, cleaning culverts and maintaining ditches is not a ministerial duty. Cf. Case v. Daniel C. McGuire, Inc., 53 N.J. Super. 494, 498 (Ch. Div. 1959). Assuming that good management would indicate that such cleaning should be done, it would have to be done by and at the expense of the State. If the State chooses not to clean culverts, it may not be compelled to do so, and neither may the Commissioner.
We might add that our examination of the facts in this case, as they were brought out in the lengthy and comprehensive trial, as well as our inspection of the premises, disclosed no suggestion of any fact which might have led to any relief against the Commissioner if the cross-complaint had not been dismissed before trial.
For the foregoing reasons, all of the judgments appealed from are affirmed. No costs to any party.